UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA L. FONSECA,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>JO ANNE B. BARNHART, Commissioner<br>of Social Security Administration,<br><br>　　　　　　Defendant. | CASE NO. CV 04-07556 (RZ)<br><br>MEMORANDUM OPINION<br>AND ORDER |

　　　　　Although the Social Security Administrative Law Judge found that Plaintiff had a variety of physical impairments and suffered from depression, he also found that Plaintiff nevertheless retained the capacity "to perform light work that involves . . . occasional lifting above her right upper extremity . . . ." [AR 30, Finding No. 8] In this Court, the Commissioner defends the residual-functional capacity-finding as drawing support from the opinion of consulting physician Concepcion A. Enriquez. However, Dr. Enriquez said that Plaintiff should avoid over the shoulder lifting. [AR 328]

　　　　　Plaintiff also was assessed by her treating physician, John T. Quigley, M.D. [AR 277-79] Dr. Quigley performed surgery to repair Plaintiff's right shoulder rotator cuff and, seven months later, stated that she should not lift more than two pounds with her right hand, and should have no repetitive motion with the right upper extremity, and no overhead work with the right hand. [AR 279] The Administrative Law Judge referenced this report

from Dr. Quigley, but did not state why he did not adopt it. Whatever the merit of the assessment as to Plaintiff's lifting ability, however, the assessment is consistent with that of Dr. Enriquez as to Plaintiff's use of her right shoulder.

The only evidence referred to as supporting the Administrative Law Judge's finding that Plaintiff occasionally could lift above her right extremity was the assessment by the state agency physician, Dr. Wong. [AR 332] However, Dr. Wong did not examine Plaintiff, but only reviewed her records, and that is an insufficient basis to back up the finding made by the Administrative Law Judge. *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1996). In fact, Dr. Wong appears to have overstated his finding, and perhaps inadvertently so, because he stated that it did not differ significantly from Dr. Enriquez' limitations. [AR 335] "Occasional" overhead work, however, does differ significantly from *no* overhead work.

The Administrative Law Judge's determination that Plaintiff could perform her past relevant work derived from his conclusion as to her residual functional capacity. Since there was not substantial evidence to support the capacity determination, the conclusion that she could perform her past relevant work also cannot be supported. Accordingly, the matter must be remanded for further development.

On remand, the Administrative Law Judge may look further at other aspects of the case as well, including the possible interplay between Plaintiff's obesity and her other impairments. The Court need not focus on those issues, or those concerning Plaintiff's mental impairment, given its determination that substantial evidence does not support the residual functional capacity analysis. The Administrative Law Judge may, however, revisit the evidence concerning those matters if it appears appropriate to do so.

///
///
///
///
///

In accordance with the foregoing, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings.

IT IS SO ORDERED.

DATED:   October  31 , 2005

/s/
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE